IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JUSTO MORENO**<br>Plaintiff<br><br>v.<br><br>**CANGREJEROS DE SANTURCE BASEBALL CLUB, LLC**<br>Defendant | CIVIL NO.<br><br>CIVIL ACTION FOR BREACH OF CONTRACT AND COLLECTION OF MONIES<br><br>JURY DEMAND |

## COMPLAINT

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO:

COMES NOW Justo Moreno ("Mr. Moreno" or "Plaintiff") through the undersigned attorney, and respectfully state and pray:

### INTRODUCTION

1. This is an action for collection of moneys and breach of contract and damages, arising under the laws of the Commonwealth of Puerto Rico. As set forth below, Defendant Cangrejeros de Santurce Baseball Club, LLC has breached material terms of the Membership Purchase Agreement and Release ("the Agreement") between the parties.

### PARTIES

2. Plaintiff Mr. Moreno is a citizen of the State of Indiana. At all times relevant to the events at issue in this Complaint, Mr. Moreno no longer served as owner of a membership interest in Cangrejeros de Santurce Baseball Club, LLC, an officer of the company, nor as Chief Operating Officer under a Personal Services Agreement ("PSA"). He also no longer served as an officer of Sociedad Deportiva Cangrejeros de Santurce, Inc. ("SDCSI"; for the purposes of

1

this Complaint the term "Affiliates" shall include but not be limited to SDCSI).

3. Defendant Cangrejeros de Santurce Baseball Club, LLC ("Cangrejeros LLC" or "Defendant") is a limited liability company organized under the laws of the Commonwealth of Puerto Rico with registration number 433575 and its principal place of business at 70 Ave. Ponce de León, Suite 160, San Juan, Puerto Rico 00918. Cangrejeros LLC controlled the operations of the Cangrejeros Franchise as an investor-operator by virtue of a contractual agreement with the Liga de Béisbol Profesional de Puerto Rico, Inc., Puerto Rico's top-tier professional baseball league.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000. Mr. Moreno is a citizen of the State of Indiana, and Defendant Cangrejeros LLC is a for profit limited liability company, registered and incorporated, and with principal place of business in the Commonwealth of Puerto Rico. Cangrejeros LLC's single member and owner is Thomas Axon, a citizen of Puerto Rico.

5. Venue is proper in the District of Puerto Rico, pursuant to 28 U.S.C. §1391, since a substantial part of the events and acts or omissions giving rise to this claim occurred in this district.

## GENERAL ALLEGATIONS

6. On or around February 4, 2022, Mr. Moreno and Cangrejeros LLC executed a Membership Purchase Agreement and Release ("the Agreement"), which— among other things—stated as follows:

2

"[s]ubject only to Executive's compliance with the terms of this Agreement, Executive shall receive a payment in the amount of $150,000.00 (the "Purchase Price"), in full satisfaction of Executive's interest in the Team and all Affiliates and such payment should be deemed just cause for the waiver of all other amounts due by the Company to Executive for all profits, distributions, salary, wages, bonuses, accrued vacation, commissions and any and all other benefits due to him."

7. According to the Agreement, Mr. Moreno and Cangrejeros LLC mutually agreed to terminate his interest in the Company and all Affiliates, Mr. Moreno's employment under the PSA, his role as an officer of the Company and his role in management of the Team effective as of the end of the 2021-2022 Season (the "Transfer Date").

8. Additionally, the Purchase Price would be satisfied in three payments of $50,000.00 on the Transfer Date, the first which was paid as agreed. The second payment would become due on January 1, 2023, and the third payment on January 1, 2024.

9. Notwithstanding, on December 19, 2022, the Defendant communicated to Mr. Moreno that "[Mr. Axon had] concluded that the league's decisions and actions concerning the Cangrejeros, which are now the subject of litigation in federal court, relieve him from paying [Mr. Moreno] anything further under the Membership Purchase Agreement and Release."

10. On or around December 30, 2022, Plaintiff's legal representative replied to Cangrejeros LLC giving notice that if Defendant failed to pay the second installment, Mr. Moreno would deem the full purchase price to be due and payable, and would seek to collect $100,000.00 under the Agreement, as well as damages for breach of contractual obligations.

11. On January 1, 2023, Defendant breached the terms of the Agreement by not satisfying the

second installment due to Mr. Moreno.

## FIRST CAUSE OF ACTION
## COLLECTION OF MONIES

12. Plaintiff incorporates the preceding paragraphs by reference as though set forth fully herein.

13. Mr. Moreno has performed all of his obligations under the Agreement with Cangrejeros LLC, including transferring his membership interest in Cangrejeros LLC.

14. Mr. Moreno has satisfactorily waived his claims related to his employment with Cangrejeros LLC, including severance for his termination as the Chief Operating Officer of the Team, relinquished his ownership interest, resigned his positions with the Company and its Affiliates.

15. To date, the Defendant owes Mr. Moreno $100,000.00, as its obligation became due when it failed to comply with the payment of the second installment, per the Agreement.

## SECOND CAUSE OF ACTION
## DAMAGES FOR BREACH OF CONTRACT

16. Plaintiff incorporates the preceding paragraphs by reference as though set forth fully herein.

17. Cangrejeros LLC has breached its contract with Mr. Moreno by failing, multiple times, to make good on its promise to pay in full the agreed upon Purchase Price.

18. Defendant abridged the terms of the contract established between the parties. As such, Mr. Moreno has the right to request the enforcement of the terms of the contract, accrued interest, late charges, and damages due to Defendant's contractual breach, under Articles 1158, 1167, 1168, and 1169 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, sections 9303, 9331, 9332, and 9333.

19. Additionally, Defendant acted in a deceitful manner, under Art. 1164 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, section 9316, therefore Defendant is liable for all damages[1] derived from the breach of its obligations under the Agreement.

20. Because of Defendant's refusal to pay the Purchase Price, Mr. Moreno had to withdraw money from other investments to be able to afford his son's college tuition. In turn, this generated a tax liability.

21. Mr. Moreno was also forced out of retirement, in order to be able to meet his financial obligations, as the funds that he was to receive for the Purchase Price will not be available for the time being, which hampered his financial plans.

22. Cangrejeros LLC's breach of the Agreement have also caused unnecessary stress to Mr. Moreno, as his financial situation has been affected by the unavailability of these funds.

23. Said damages are estimated in no less than $100,000.00.

## TRIAL BY JURY DEMANDED

24. Mr. Moreno demands a trial by jury.

WHEREFORE, Justo Moreno demands judgment against Cangrejeros de Santurce Baseball Club, LLC, in the amount of no less than $100,000.00 for damages, in addition to $100,00.00 for monies due, totaling $200,000.00, plus accrued interest and late charges, plus costs incurred, reasonable attorneys' fees, and such other and further relief as to this Court may seem just and proper under the law.

I HEREBY CERTIFY: that I electronically filed the foregoing with the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

---

[1] Art. 1168 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, section 9332.

5

In San Juan, Puerto Rico, this 31st day of March, 2023.

                                                           **COLÓN SERRANO ZAMBRANA LLC**
PO Box 360610
San Juan, PR 00936
T. 787-919-0026
T. 787-200-6559
felix@cszlawpr.com

*s/Félix A. Colón-Serrano*
Félix A. Colón-Serrano, Esq.
USDC PR No. 229812